**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SARA TAYLOR, on behalf of herself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| NUVIA MSO, LLC d/b/a NUVIA DENTAL IMPLANT CENTER, | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

Plaintiff Sara Taylor (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

1. Nature of Action: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls

to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.

The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including her own.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## I. PARTIES

5. Plaintiff Taylor is a resident of the State of Georgia.

6. Defendant Nuvia MSO, LLC is a Utah limited liability company doing business as Nuvia Dental Implant Center.

7. Defendant maintains offices in Alpharetta and Marietta, Georgia.

8. The aforesaid Georgia offices are both located in the Northern District of Georgia.

9. Defendant's registered agent in Georgia is NIC – Atlanta LLC located at 3020 Roswell Road, Marietta, Cobb County, Georgia 30062.

## II. JURISDICTION AND VENUE

10. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

11. Personal Jurisdiction: The Court has specific jurisdiction over the Defendant because they sent telemarketing calls from this District.

12. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the telemarketing at issue—were directed from this District.

## III. FACTS

### A. The Enactment of the TCPA and its Regulations

13. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

18. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

19. Defendant offers dental services to consumers.

20. Plaintiff's cellular telephone number, 706-391-XXXX, has been registered with the National Do Not Call Registry since August 29, 2024.

21. Plaintiff Taylor uses her cell phone for personal use only. It is not used as a business number.

22. Despite this, the Plaintiff received the following text messages from the Defendant:


3:06
78%
4707352652
Saturday, December 14
Hi Missie! We received your dental implant eligibility quiz! Due to receiving over 1,000 requests per week, our team might take up to 24 hours to give your results the attention they deserve.
While you wait,


3:07
78%
4707352652
While you wait, watch a video from a real Nuvia patient titled: "What I Love & Hate About My Dental Implant
View all
12:14 AM
Hi Missie, this is Tajaun at Nuvia. Dr. Hansen wanted me to reach out. We got your permanent

8


3:07
78%
4707352652
Hi Missie,
this is Tajaun at Nuvia. Dr. Hansen wanted me to reach out. We got your permanent teeth in 24hrs evaluation form and it looks like you might be a candidate.
We have some complimentary consultation vouchers


3:07
77%
4707352652
available. Would you like one?
8:02 AM
Hey Missie, this is Tajaun with Nuvia dental implant center. I just tried calling you, but I must have caught you at a bad time.
Is there a better time today I can give you a quick call?
2:41 PM


3:07
77%
4707352652
Monday, December 16
Missie, Did my text from yesterday come through?
Hello Missie! This is Tajaun with Nuvia Dental Implant Center. I saw that you filled out our survey to see if you would be a candidate for dental implants. I tried
3:07
77%
4707352652
implants. I tried to give you a call to get a better understanding of your situation and answer any questions you might have about dental implants. When w
View all
11:36 AM
Sunday, December 22
Missie, it seems like you're not


3:07
77%
4707352652
interested in that voucher right now and that's ok. Just so I can best help you and point you in the right direction can you tell me more about your situation?
Hello Missie! This is Tajaun with Nuvia Dental Implant Center. I just


3:07
77%
4707352652
Center. I just tried calling to help you reserve a voucher. Is there anything stopping you from reserving one of these vouchers? Do you have any questions I could answer for you about dental implants?
Missie, I've tried reaching out


3:07
77%
4707352652
several times. Where should we go from here?
Hello Missie! This is Tajaun again. Are you still interested in our help for possibly getting dental implants?
4:46 AM
Hello Missie! This is Tajaun with Nuvia Dental Implant Center. I just


3:08
77%
4707352652
tried calling you to reserve one of the few vouchers we have left. Is there anything stopping you from reserving one of these vouchers? Do you have any questions I could answer for you about dental implants?
4:47 AM
Monday, December 23




23. Three of the texts were sent at 12:14 a.m., 4:46 a.m. and 4:47 a.m.

24. All of the texts were from the same phone number, (470) 734-2652.

25. This is a number for Defendant.

26. Plaintiff Taylor has never had any business relationship with Defendant.

27. Plaintiff Taylor was not looking for dental service related products such as the Defendant offers, and has never given her express written consent to Defendant to place telephonic solicitation calls to her cell phone.

## CLASS ACTION ALLEGATIONS

28. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

29. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Nuvia Dental Implant Center's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Early/Late Calls Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time to their residential telephone number, (2) within any 12-month period (3) promoting Nuvia Dental Implant Center's goods or services, (4) before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

30. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

31. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

32. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

33. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

36. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

37. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

39. It is also a separate violation to place calls before 8:00 AM, as the Defendant did for some of the text messages received by Plaintiff.

40. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

41. These violations were willful or knowing.

42. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are

each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

43. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the National DNC Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the National DNC Class pursuant to 47 U.S.C. § 227(c)(5);

E. Injunctive relief for the Class, pursuant to 47 U.S.C. § 227(c)(5) preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: January 31, 2025

PLAINTIFF, individually and
on behalf of others similarly situated,

By:

*/s/ Steven H. Koval*

Steven H. Koval
Georgia Bar No. 428905
3575 Piedmont Road
Building 15, Suite 120
Atlanta, GA 30305
Telephone: (404) 513-6651
Facsimile: (404) 549-4654
Steve@KovalFirm.com

Anthony I. Paronich (*subject to pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in LR 5.1(B). The foregoing was prepared on a computer, using Times New Roman 14 point font.

This 31st day of January, 2025.

**THE KOVAL FIRM, LLC**

s/ Steven H. Koval
By: Steven H. Koval
Georgia Bar No. 428905
Attorney for Plaintiff